IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID MATTHEW THOMAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:14-cv-00431-KOB-TMP |
| ) | |
| KENNETH JONES, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## **AMENDED MEMORANDUM OPINION**

On December 16, 2016, the magistrate judge filed his Report and Recommendation in the above-styled cause, recommending that the court dismissed as time-barred the petition for *habeas corpus* relief filed pursuant to 28 U.S.C. § 2254. (Doc. 11). On December 28, 2016, the court received a motion for extension of time to file objections from the petitioner (doc. 12), granted it (doc. 13), and gave petitioner until January 31, 2017 to file objections to the Report and Recommendation.

After the court entered its Memorandum Opinion (doc. 15) and Order (doc. 16) dismissing the petition as time-barred, the court discovered that the petitioner had file objections that the petitioner signed on January 29, 2017 but the court did not receive until later. (Doc. 14). This Amended Memorandum Opinion will discuss those objections.

The court finds that the petitioner's objections lack merit. Despite the petitioner's assertions, the magistrate judge applied the proper law in determining the untimeliness of his current habeas petition. The magistrate judge acknowledged that the petitioner requested that the court deem the date he filed his first Rule 32 petition in state court as the date he could have discovered that he was

sentenced without representation for the 1977 sentencing. (R. 11 at 7). The magistrate judge correctly found that, even using that date for purposes of determining timeliness, the petitioner's habeas petition is time-barred. Because the petitioner presented no evidence to support exactly when he should have discovered the alleged "newly discovered evidence," the magistrate judge addressed each possible date that could apply and correctly found that, whatever possible date the court used in its determination, the petitioner's current habeas action is time-barred.

Also, despite the petitioner's conclusory statements regarding his mental illness as the basis for his delay in "discovering" his lack of counsel during the 1977 sentencing, the court agrees with the magistrate judge that equitable tolling in this case does not apply for the reasons stated in the Report and Recommendation. Therefore, the court OVERRULES all of the petitioner's objections.

Having now carefully reviewed and considered *de novo* all the materials in the court file, including the Report and Recommendation and the petitioner's objections, the court ADOPTS the magistrate judge's report and ACCEPTS his recommendation. Consequently, the court finds that the petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 in the above-styled cause is due to be DISMISSED WITH PREJUDICE as TIME-BARRED.

The court will enter a separate Order dismissing the petition.

DONE and ORDERED this 13th day of February, 2017.

KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE